1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11  ANNIE PARK,

CASE NO. 2:23-cv-01564-TL

12                              Plaintiff,

v.

ORDER ON RULE 26 EXPERT
WITNESS DISCLOSURES

13

STATE FARM FIRE AND CASUALTY
COMPANY et al.,

14

15                              Defendants.

16

17          This matter is before the Court on Plaintiff Annie Park's Motion for Leave to Supplement

18  Her Expert Witness Disclosures Under Rule 26. Dkt. No. 64. Plaintiff, however, did not timely

19  disclose any expert witnesses in this case. *See generally* Docket; *cf.* Dkt. No. 44 ("Defendant's

20  Expert Witness Disclosure"). The instant motion is therefore a request for leave to make an

21  *initial* disclosure of an expert witness, some six months after the deadline to do so. *See* Dkt.

22  No. 42 (establishing September 30, 2024, as the deadline to disclose expert-witness testimony).

23  Having reviewed Plaintiff's motion, Defendant State Farm Fire and Casualty Company's ("State

24  Farm") response (Dkt. No. 66), Plaintiff's reply (Dkt. No. 67), and the relevant record, and

ORDER ON RULE 26 EXPERT WITNESS DISCLOSURES - 1

finding additional briefing unnecessary, *see infra* Section III.C, the Court GRANTS Plaintiff's

motion, subject to sanctions to be explained in this Order.

## I.    BACKGROUND

**A.    Brief Factual Background**

The Court assumes familiarity with the underlying facts of the case and will not detail

them here. In summary, this is a bad-faith insurance action. *See generally* Dkt. No. 1-1. Plaintiff

owns a residential rental property located in Lacey, Washington, that Defendant insured under a

rental dwelling policy. *Id.* ¶ 7. Plaintiff alleges that, after the property sustained damage

associated with methamphetamine contamination and she filed a claim, State Farm mishandled

the claim, resulting in the denial of coverage and insurance benefits. *Id.* ¶¶ 13–37. Plaintiff

alleges that State Farm breached the insurance contract, including the implied covenant of good

faith and fair dealing, as well as numerous provisions of Washington state law. *Id.* ¶¶ 38–70.

**B.    Relevant Procedural Background**

On September 8, 2023, Plaintiff filed a civil action against State Farm in King County

Superior Court. Dkt. No. 1-1. On October 12, 2023, State Farm removed the case to federal

court. Dkt. No. 1. On January 19, 2024, the Court established a trial date of March 17, 2025, and

set attendant deadlines accordingly. Dkt. No. 14. Of particular relevance here, the Court set

August 19, 2024, as the deadline to disclose expert testimony *Id.* at 1. Throughout the pendency

of the case, both Parties have sought to extend the case deadlines multiple times.

On August 16, 2024, Plaintiff filed a motion requesting "a short extension of the

discovery deadlines by approximately sixty (60) days." Dkt. No. 21 at 1. Among other things,

Plaintiff requested that the "[e]xpert disclosure deadline" be extended to October 18, 2024, and

1  that the deadline for filing dispositive motions be extended to January 13, 2025.[1] *Id.* at 2. Noting

2  that Plaintiff's request sought to extend the dispositive-motion deadline without also resetting the

3  trial date, which ran counter to this Court's Standing Order for All Civil Cases, and noting

4  further that Plaintiff had only conferred with State Farm as to the extension of the expert-

5  disclosure deadline, the Court extended the expert-disclosure deadline by one week, to August

6  26, 2024, and declined to grant any further extensions. Dkt. No. 22.

7        On August 21, 2024, the Parties together sought to extend the case deadlines and filed a

8  stipulated motion to that effect. Dkt. No. 23. The Court, however, denied the motion, advising

9  that "the Parties have provided neither an extraordinary basis for extending the dispositive

10  motions deadline, nor have they provided their availability to allow the Court to reset the trial

11  date." Dkt. No. 24 at 2. Both of these omissions contravened the Standing Order for All Civil

12  Cases.

13        On August 29, 2024, the Parties again sought to extend discovery-related deadlines. Dkt.

14  No. 27. This time, the Court granted the Parties' stipulated motion and advised that it would

15  enter a new case scheduling order. *See* Dkt. No. 28. On September 24, 2024, the Court reset the

16  trial date to March 17, 2025, and changed the case deadlines accordingly. Dkt. No. 42. The Court

17  established September 30, 2024, as the deadline for the Parties to disclose expert testimony. *Id.*

18  at 1. On September 30, 2024, State Farm timely filed its disclosure of expert witnesses. Dkt.

19  No. 44.

20        The Court reset the trial date and attendant deadlines twice more, on October 16, 2024,

21  and November 15, 2024. Dkt. Nos. 47, 57. As of the date of this Order, the trial in this case is

22

23  [1] Plaintiff actually requested that the deadline for dispositive motions be extended to January 13, 2024, a date that
    passed some seven months prior to Plaintiff's filing of the motion. Dkt. No. 21 at 2. The Court assumed that Plaintiff
24  intended January 13, 2025.

1    scheduled to begin November 3, 2025. But the subject of the instant motion—the expert-

2    disclosure deadline—which lapsed on September 30, 2024, without Plaintiff having made any

3    such disclosures, was not, and has not been, extended.

4         On January 6, 2025, with nearly five months remaining in discovery and some six months

5    before the dispositive-motion deadline, State Farm filed a motion for partial summary judgment.

6    Dkt. No. 58. This motion is fully briefed. *See* Dkt. Nos. 61 (Plaintiff's response), 65 (State

7    Farm's reply). On February 11, 2025, during the pendency of State Farm's motion for partial

8    summary judgment, Plaintiff filed the instant motion regarding the disclosure of expert

9    witnesses. Dkt. No. 64. On February 20, 2025, State Farm filed a response in opposition to

10   Plaintiff's motion (Dkt. No. 66), and on February 25, 2025, Plaintiff filed a reply (Dkt. No. 67).

11   On March 5, 2025, State Farm filed a notice of its intent to file a surreply (Dkt. No. 68), and a

12   motion for leave to file a surreply (Dkt. No. 69).

13                    **II.    LEGAL STANDARD**

14        Where a party "fails to provide information . . . as required by [Federal Rule of Civil

15   Procedure] 26(a) or (e), the party is not allowed to use that information or witness to supply

16   evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is

17   harmless." Fed. R. Civ. P. 37(c)(1). "Rule 37(c)(1) 'gives teeth' to the requirements

18   of Rule 26(a)(2)(B) and affords the district court 'particularly wide latitude . . . to issue

19   sanctions' for a party's failure to meet those requirements." *Mansur Props. LLC v. First Am.*

20   *Title Ins. Co.*, 635 F. Supp. 3d 1116, 1133 (W.D. Wash. 2022) (quoting *Yeti by Molly, Ltd. v.*

21   *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). Although exclusion is the default

22   sanction that Rule 37(c)(1) prescribes for unjustified or harmful nondisclosure, the "particularly

23   wide latitude" afforded district courts means that it is not the only penalty available. That is, a

24   court "may impose other appropriate sanctions" in lieu of, or in addition to, exclusion. Fed. R.

1  Civ. P. 37(c)(1). Consideration of other sanctions is especially relevant where the nondisclosure

2  was "substantially justified" or "harmless." *See id.*; *see also Merchant v. Corizon Health, Inc.*,

3  993 F.3d 733, 740 (9th Cir. 2021) ("As the Rule plainly states, litigants can escape the

4  'harshness' of exclusion only if they prove that the discovery violations were substantially

5  justified or harmless." (quoting *Yeti by Molly, Ltd.*, 259 F.3d at 1106)).

6          Courts in this District have utilized two different tests to determine whether violation of a

7  discovery order is justified or harmless. *See Mansur Props.*, 635 F. Supp. 3d at 1133; *Smith v.*

8  *Ardew Wood Prods., Ltd.*, No. C07-5641, 2009 WL 799679, at *3 (W.D. Wash. Mar. 24, 2009).

9  In *Mansur Properties*, the court articulated a four-factor test: "(1) prejudice or surprise to the

10 party against whom the evidence is offered; (2) the ability of that party to cure the prejudice;

11 (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely

12 disclosing the evidence." *Mansur Props.*, 635 F. Supp. 3d at 1133 (quoting *W. Towboat Co. v.*

13 *Vigor Marine, LLC*, No. C20-416, 2021 WL 2156694, at *1 (W.D. Wash. May 27, 2021) (citing

14 *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010))) (cleaned up). In

15 *Ardew Wood Products*, the court articulated a five-factor test: "(1) the public's interest in

16 expeditious resolution of litigation; (2) a court's need to manage its docket; (3) risk of prejudice

17 to the defendants; (4) public policy favoring disposition of cases on their merits; and (5) the

18 availability of less drastic sanctions." *Ardew Wood Prods.*, 2009 WL 799679, at *3 (citing

19 *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

20         Dicta in the *Mansur Properties* opinion suggests that the *Ardew Wood Products* test is

21 appropriate where, as here, a party has specifically argued for a less-severe sanction. *See Mansur*

22 *Props.*, 635 F. Supp. 3d at 1133 n.7. But the *Ardew Wood Products* test is derived from

23 *Wanderer v. Johnston*, where the Ninth Circuit discussed the five-factor test when specifically

24 adjudicating the issue of whether "dismissal o[r] default [was] appropriate as a Rule 37

ORDER ON RULE 26 EXPERT WITNESS DISCLOSURES - 5

1    sanction." *Wanderer*, 910 F.2d at 656.[2] In contrast, the court in *Mansur Properties* was

2    concerned with the question of "whether violation of a discovery deadline is justified or

3    harmless," the same issue before the Court in the instant motion. *Mansur Props.*, 635 F. Supp. 3d

4    at 1133. Thus, because dismissal or default is not the issue before Court—the questions are

5    whether Plaintiff's nondisclosure of its expert witness was substantially justified or is harmless,

6    and what the Court should do about it—the Court finds that the four-factor test discussed in

7    *Mansur Properties* is the more appropriate standard. Therefore, the Court will utilize it herein.

8                                    **III.    DISCUSSION**

9          The issue before the Court concerns Plaintiff's use of Public Adjuster Taylor Babb as an

10   expert witness. *See* Dkt. No. 64 at 3. In 2023, Plaintiff asserts, "Babb prepared an estimate of the

11   cost of repair of Plaintiff's Property, determining the Replacement Cost Value ('RCV') to be

12   $589,325.7[9], less a deductible of $3,530.00 leaving a net replacement value amount of

13   $589,795.79." Dkt. No. 64 at 4. Although Plaintiff identified who Babb was and included his

14   estimate in her complaint (Dkt. No. 1-1 ¶ 21), Plaintiff did not disclose Babb as an expert

15   witness to State Farm, as required by Rule 26(a)(2). As discussed above, Plaintiff, for that

16   matter, did not disclose any expert witnesses to State Farm.

17   **A.       Whether the Nondisclosure Was Substantially Justified or Harmless**

18         Plaintiff offers an extraordinary *mea culpa* for the nondisclosure of Babb as an expert

19   witness. "Unfortunately, all aspects of human endeavor are sometimes complicated by mistakes,

20   and this situation is an example of that. . . . Quite simply, undersigned counsel made a mistake,

21

22   _____

     [2] Further complicating matters is what appears to be a typographical error in the *Wanderer* opinion, which set forth
     the issue as whether "dismissal *of* default is appropriate as a Rule 37 sanction." *Wanderer*, 910 F.2d at 656

23   (emphasis added). But given that (1) "or" makes much more sense than "of" within both the narrow context of the
     sentence and broader context of the opinion; and (2) in the paragraph that immediately precedes the apparent typo,
     and elsewhere in the opinion, the court uses the phrase "dismissal or default," this Court is reasonably confident that

24   "or," not "of," is the accurate rendition of the Ninth Circuit's intended meaning.

1    and when he later researched the issue, he realized he had made a mistake." Dkt. No. 67 at 4.

2    Plaintiff does not appear to argue that the nondisclosure was "substantially justified," admitting

3    that "the best practice would have been to disclose Mr. Babb as a percipient fact witness with

4    expertise under Rule 26(a)(2)(C)." Dkt. No. 64 at 9. Indeed, the best justification that Plaintiff

5    offers is that the nondisclosure was "inadvertent" (*id.*), caused by "the simple fact that

6    [Plaintiff's] counsel did not realize he should" make the disclosure (Dkt. No. 67 at 4). Plaintiff's

7    reply brief focuses exclusively on the harmless piece of Rule 37(c)(1)'s "substantially justified or

8    [] harmless" standard. *See* Dkt. No. 67 at 4–9.

9        State Farm, in contrast, is utterly affronted by Plaintiff's omission. "Plaintiff's purported

10   rationale for not disclosing Mr. Babb and his expert report is so idiosyncratic it likely represents

11   a *post hoc* rationalization to explain away her attempt to use Mr. Babb to supply expert

12   testimony . . . without disclosing him per the rule." Dkt. No. 66 at 15. The nondisclosure, argues

13   State Farm, was "tactically unsound" (*id.* at 5); it has incurably "prejudice[d] State Farm" (*id.* at

14   11–12); and it would "impact[]" the trial date (*id.* at 12).

15       Having recognized Plaintiff's concession that her nondisclosure of Babb was not

16   substantially justified, the Court will evaluate whether the error was harmless, using the four-

17   factor test articulated in *Mansur Properties*.

18       **1.    Prejudice or Surprise to the Party Against Whom the Evidence is Offered**

19       Babb's testimony as to the replacement cost value of Plaintiff's property is certainly no

20   "surprise" to State Farm. Plaintiff asserts, "State Farm has known about the estimate from the

21   beginning of this case (*i.e.*, it was summarized in ¶ 21 of the Complaint), and State Farm has had

22   the actual estimate since last Fall . . . ." Dkt. No. 67 at 5. Moreover, in responding to one of State

23   Farm's interrogatories, Plaintiff listed Babb as a "witness[] with substantive knowledge of the

24   allegations in the lawsuit" and provided Babb's contact information. Dkt. No. 64-3 at 5. And

1    State Farm was sufficiently familiar with Babb's connection to the case to make a request for

2    production of "[a]ll documents that comprise, refer or relate to communications, including

3    attachments and enclosures to communications, between [Plaintiff] and Taylor Babb, public

4    adjuster, and/or Pacific Public Adjusters Northwest from October 28, 2022 to present." *Id.* at 9.

5    Further, Plaintiff argues that "State Farm has had every opportunity to depose Mr. Babb," and

6    the Court agrees. Dkt. No. 64 at 13; *see Chavez-Herrera v. Shamrock Foods Co.*, No. C19-1327,

7    2024 WL 111732, at *3 (D. Nev. Jan. 9, 2024) (finding that defendant's opportunity to depose a

8    nondisclosed expert partially mitigated plaintiff's nondisclosure). Indeed, State Farm still has

9    plenty of time to depose Babb, should it decide to do so.

10        The Court recognizes, however, that Plaintiff's designation of Babb as an expert witness

11    at this stage of litigation is prejudicial to State Farm. *See Davis v. Fujitec Am., Inc.*, No. C21-

12    5631, 2023 WL 2457986, at *3 (W.D. Wash. Mar. 10, 2023) (finding late disclosure of expert

13    testimony prejudicial, upon plaintiff's attempt to use nondisclosed expert testimony in opposition

14    to summary judgment). But the prejudice is mitigated by the fact that discovery does not close in

15    this case until June 2, 2025, and State Farm thus has time to gather and proffer rebuttal

16    testimony—which Plaintiff has offered to pay for (*see* Dkt. No. 64 at 4). *Cf. Mansur Props.*, 635

17    F. Supp. 3d at 1133 (finding prejudice where late disclosure of expert witness came more than

18    one month after the close of discovery).

19        Moreover, although State Farm protests that it has been prejudiced by incurring the costs

20    of "preparing a dispositive motion" for a case in which Babb is *not* considered an expert witness

21    (*see* Dkt. No. 66 at 12), the Court notes that State Farm filed its motion for partial summary

22    judgment (Dkt. No. 58) in the middle of discovery, some six months before the deadline to file

23    dispositive motions (*see* Dkt. No. 57). "A motion for summary judgment, unless ordered

24    otherwise, may be filed at any time until 30 days after the close of all discovery. But motions for

ORDER ON RULE 26 EXPERT WITNESS DISCLOSURES - 8

1    summary judgment are frequently considered premature and denied when discovery has not been

2    completed . . . ." *Gardner v. Clark*, No. C22-1589, 2024 WL 278930, at *1 (W.D. Wash. Jan. 25,

3    2024) (cleaned up) (collecting cases); *see Burlington N. Santa Fe R.R. Co. v. Assiniboine &*

4    *Sioux Tribes of the Fort Peck Rsrv.*, 323 F.3d 767, 774 (9th Cir. 2003) (cautioning against

5    prematurely deciding motions for summary judgment, before all evidence has been gathered).

6    The Court does not credit the purported prejudice sustained by State Farm as a result of its

7    pending motion for partial summary judgment.

8         In sum, this factor weighs slightly against a finding of harmlessness.

9         **2.        The Ability to Cure the Prejudice**

10        Given that there are still three months of discovery remaining, and more than seven

11   months until the trial, the Court finds that, were Babb designated as an expert witness now, State

12   Farm would have ample time to prepare expert rebuttal testimony. *See Ramirez v. Zimmerman*,

13   No. C17-1230, 2019 WL 527462, at *8 (S.D. Cal. Feb. 8, 2019) (taking "distant trial date . . .

14   into consideration" when assessing ability to cure prejudice caused by nondisclosed expert-

15   witness testimony). State Farm relies heavily on its contention that it has been prejudiced

16   because it filed a dispositive motion in a case where Babb is merely a lay witness. *See* Dkt.

17   No. 66 at 12. But as discussed above, State Farm's motion is extraordinarily early; there was

18   always a risk that the factual landscape of the case would change between its January filing and

19   the June close of discovery. *See United States v. Real Prop. & Improvements Located at 2366*

20   *San Pablo Ave., Berkeley, Cal.*, No. C13-2027, 2014 WL 3704041, at *3 (N.D. Cal. July 24,

21   2014) (noting that summary judgment was premature because "substantial factual development

22   could still occur in this case," and that "the [c]ourt would be spinning its wheels by considering a

23   summary judgment motion when the parties have not had time to develop an adequate factual

24   record"). State Farm's early motion was tactical, implicitly disfavored by the Federal Rules of

1  Civil Procedure, and frowned upon by Ninth Circuit courts. *See id.* Given the case law on

2  premature motions for summary judgment, it appears that State Farm's purpose in filing its

3  motion so early was to sow the seeds of a forthcoming claim that, were Plaintiff to recognize—

4  and try to rectify—her error in not timely disclosing Babb as an expert, State Farm would reap

5  the very prejudice of which it now complains. *See* Dkt. No. 66 at 19 ("Plaintiff has purposely and

6  completely failed to disclose its expert until its opponent's dispositive motion . . . ."). This

7  observation is supported by the fact that the motion is for *partial* summary judgment only. State

8  Farm's litigation costs would not be summarily terminated were the Court to grant it; the case

9  would still move toward trial, and the meter would continue to run.

10       As discussed above, the Court recognizes that Defendant has been prejudiced. But State

11  Farm does not provide the Court with sufficient grounds to deem that such prejudice is incurable.

12  In sum, this factor weighs in favor of a finding of harmlessness.

13       **3.      The Likelihood of Disruption of the Trial**

14       Given that the trial is not scheduled to begin until November 3, 2025, and motions *in*

15  *limine* are not due until September 29, 2025, the Parties have significant time to adjust their trial

16  strategies to account for Babb's inclusion as an expert witness. Therefore, this factor weighs in

17  favor of a finding of harmlessness.

18       **4.      Bad Faith or Willfulness Involved in Not Timely Disclosing the Evidence**

19       The Court agrees with State Farm—and, for that matter, with Plaintiff, too—that

20  Plaintiff's lack of disclosure of Babb was unjustified. *See, e.g.*, Dkt. No. 66 at 14; Dkt. No. 67

21  at 2. Similarly, the Court disagrees with Plaintiff's characterization of her mistake as

22  "inadvertent." Dkt. No. 64 at 4. Plaintiff opted not to disclose any expert witnesses. There is thus

23  no indication in Plaintiff's briefing that, say, counsel forgot to list Babb in the disclosures, or that

24  counsel mistakenly submitted an early version of the disclosures that did not yet include Babb as

1  an expert. It was a mistake, but it was a mistake that Plaintiff intended to make. Still, there is also

2  no indication that Plaintiff's error was a bad-faith attempt to deceive State Farm. As discussed

3  above, neither Babb nor his estimate was a secret. If Plaintiff had wanted to keep State Farm

4  from knowing about Babb, then her decision to include his estimate in her original complaint

5  represents a significant blunder.

6         As to willfulness, however, "Disobedient conduct not shown to be outside the control of

7  the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Mansur Props.*, 635 F.

8  Supp. 3d at 1134–35 (quoting *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994)).

9  Plaintiff admits that she made "a mistake of law" that resulted in her violation of Rule 26 with

10  respect to her disclosure of expert testimony. Dkt. No. 67 at 3. Yet replacement cost value "has

11  been central to this case since its inception," *Mansur Props.*, 635 F. Supp. 3d at 1133, and as

12  State Farm cites in its briefing, "[t]he overwhelming majority of federal courts to consider [the]

13  issue have held that repair cost estimates in breach of insurance contract cases must be supported

14  by expert, rather than lay, opinions." Dkt. No. 66 at 14–15 (quoting *Pryszmont v. Allstate Vehicle*

15  *& Prop. Ins. Co.*, No. C22-2792, 2024 WL 3090384, at *6 (D. Md. June 21, 2024) (collecting

16  cases)). It was not reasonable for Plaintiff to conclude that she did not need to disclose Babb as

17  an expert witness. Plaintiff's concession that the nondisclosure was a mistake is a concession that

18  the "[d]isobedient conduct" was not outside of Plaintiff's counsel's control. Rather, it was a

19  conscious decision, however erroneous, that counsel could have just as easily not made.

20         Therefore, this factor weighs against a finding of harmlessness.

21                              *      *      *

22         Having weighed the four factors, the Court finds that Plaintiff's nondisclosure of Babb as

23  an expert witness was harmless. Therefore, the automatic sanction of exclusion is not

24

ORDER ON RULE 26 EXPERT WITNESS DISCLOSURES - 11

1    appropriate. Plaintiff's motion for leave to disclose Taylor Babb as an expert witness under

2    Rule 26 is thus GRANTED.

3    **B.    The Appropriate Sanction**

4        Although the Court finds that exclusion of Babb's testimony is not appropriate under

5    Rule 37(c)(1) because the nondisclosure was harmless, the Court finds that some form of

6    sanction against Plaintiff is appropriate. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052,

7    1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply

8    strictly with scheduling and other orders . . . ."). Plaintiff observes that State Farm "is utterly

9    silent about [Plaintiff's] offer of lesser sanctions." Dkt. No. 67 at 8. Indeed, State Farm focuses

10   exclusively on Rule 37(c)(1)'s sanction of exclusion without addressing the alternative sanctions

11   proposed by Plaintiff. But State Farm's position ignores the text of the Rule, where the word

12   "unless" infers that, if the Court finds the nondisclosure harmless, as it does here, then the

13   sanction prescribed in Rule 37(c)(1) does not apply. That is, the rule loses its "teeth" where "the

14   failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Merchant*, 993

15   F.3d at 741. State Farm understandably seeks the most drastic sanction available against its

16   opponent, but it neglects to account for the possibility that the Court might find nondisclosure

17   harmless, thereby taking exclusion off the table as a default sanction. Because the Court has done

18   just that, Plaintiff's discussion of lesser sanctions is wholly relevant. State Farm also ignores that

19   the Rule explicitly allows for other sanctions "instead of" disallowing a witness, including that a

20   court "may impose other appropriate sanctions." Fed. R. Civ. P. 37(c)(1). The Court will thus

21   consider the alternative sanction proposed by Plaintiff, even if State Farm does not.

22       Plaintiff's proposed sanction is similar to that given in Rule 37(c)(1)(A), which provides

23   for the Court to "order payment of the reasonable expenses, including attorney's fees, caused by

24   the failure." The question is which expenses are reasonable. Plaintiff asserts that "the Court can

1   sanction Plaintiff's lawyers for the cost of discovery as to Mr. Babb, and, if the Court deems it

2   appropriate, for the cost incurred by State Farm to hire a rebuttal expert." Dkt. No. 64 at 12.

3          Given the transgression, under the circumstances, the Court finds that the reasonable and

4   appropriate sanction is to order Plaintiff to pay State Farm's costs associated with its response to

5   the instant motion. *See, e.g.*, *Gene Pool Techs., Inc. v. Coastal Harvest, LLC*, No. C21-1328,

6   2023 WL 5941757, at *11 (C.D. Cal. July 26, 2023), *report and recommendation adopted*, 2023

7   WL 5944139 (Sept. 11, 2023) (denying motion to exclude plaintiff's untimely expert reports but

8   ordering nonmoving party to pay defendant's attorney fees and expenses incurred in bringing the

9   motion); *A. Miner Contracting Inc. v. Dana Kepner Co. Inc.*, No. C10-8083, 2011 WL 2621099,

10  at *3 (D. Ariz. July 5, 2011) (denying defendant's motion to strike untimely disclosure of expert

11  witness but ordering plaintiff to pay defendant's "reasonable expenses, including attorney's fees,

12  incurred as a result of the untimely disclosure").

13         Ordering Plaintiff to pay State Farm's costs associated with responding to the instant

14  motion is a fitting sanction. In assessing only the motion-related costs, the Court notes with

15  displeasure State Farm's slipperiness regarding the issue of Babb's testimony. Having read

16  Plaintiff's complaint, which specifically referenced Babb's assessment of the replacement cost

17  value of Plaintiff's property, State Farm was (and still is) fully aware of what Babb might testify

18  to at trial. Indeed, State Farm revealed as much in its motion for partial summary judgment. *See*

19  Dkt. No. 65 at 7 ("Presumably, Plaintiff seeks to use Mr. Babb's estimate as an expert opinion

20  . . . ."). When responding to the instant motion, then, State Farm's implication that it "spen[t]

21  four months actively litigating the case," including the "prepar[ation] [of] its dispositive motion,"

22  under the presumption that Plaintiff would not bring Babb's evidence to bear (Dkt. No. 66 at 11),

23  is somewhat lacking in candor. As discussed above, State Farm filed its motion for partial

24  summary judgment early, months before the close of discovery capped the Parties' development

1    of the record and the Court resolved all discovery-related issues. As the Court's Order here

2    illustrates, when State Farm filed a dispositive motion so early, it risked the very real possibility

3    that the evidentiary landscape might change between the filing of its motion and the end of

4    discovery. State Farm gambled when it filed a dispositive motion premised on a presumption that

5    this Order has rendered obsolete. Having lost the wager, State Farm now complains to the Court

6    about the "prejudice" attendant to the loss. The Court will not countenance such gamesmanship.

7    **C.      State Farm's Proposed Surreply**

8            On March 5, 2024, State Farm filed a Notice of Intent to File Surreply in opposition to

9    Plaintiff's motion. Dkt. No. 68. Later that day, State Farm filed a motion requesting leave to file

10   a surreply (Dkt. No. 69), to which it attached the proposed surreply (Dkt. No. 69-1) and

11   accompanying exhibits (Dkt. Nos. 69-3, 69-4, 69-5). State Farm's proposed surreply represents

12   an effort to rebut a declaration that Plaintiff's counsel submitted in support of Plaintiff's reply

13   brief (Dkt. No. 67-1 (Walsh Supplemental Declaration)). The Walsh Supplemental Declaration is

14   directed toward the "substantially justified" basis for a court's nonexclusion of nondisclosed

15   evidence under Federal Rule of Civil Procedure 37(c)(1). *See generally* Dkt. No. 67-1. But

16   because the Court here relies on the "harmless" basis for nonexclusion under Rule 37(c)(1), the

17   Walsh Supplemental Declaration is extraneous and unnecessary—as are State Farm's efforts to

18   counter it. While the Court acknowledges State Farm's counsel's zealous advocacy on his

19   client's behalf, it finds it unnecessary to review Plaintiff's counsel's LinkedIn profile in order to

20   adjudicate the motion before it. *See* Dkt. No. 69-4. Therefore, State Farm's motion for leave to

21   file surreply (Dkt. No. 69) is DENIED.

22

23

24

ORDER ON RULE 26 EXPERT WITNESS DISCLOSURES - 14

1

## IV.    CONCLUSION

2       Accordingly, it is hereby ORDERED:

3       (1)    Plaintiff's Motion for Leave to Supplement Her Expert Witness Disclosures

4               Under Rule 26 (Dkt. No. 64) is GRANTED. Plaintiff SHALL file Rule 26 disclosures

5               **no later than March 24, 2025**.

6       (2)    Defendant State Farm's Motion for Leave to File Surreply (Dkt. No. 69) is DENIED.

7       (3)    Plaintiff SHALL pay Defendant State Farm's costs associated with opposing the

8               instant motion.

9               a.      Defendant State Farm SHALL file an accounting of the costs and fees **no**

10                      **later than April 2, 2025**.

11              b.      Plaintiff SHALL have **seven (7) days** to file any objections to the accounting.

12              c.      If Plaintiff has no objections to the accounting, she SHALL pay Defendant

13                      the requested amount **no later than April 16, 2025,** and file a certification

14                      that the amount has been paid.

15

16      Dated this 19th day of March 2025.

17

18                                                      Tana Lin
                                                        United States District Judge

19

20

21

22

23

24